IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOSEPH PERRONE, #08147-025**
**Petitioner,**

vs.

**UNITED STATES of AMERICA,**
**Respondent.**  No. 11 - CV - 00048 DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). Petitioner pled guilty to distribution of a controlled substance resulting in death, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C) (Doc. 45, Case No. 09-CR-30016). His plea agreement included a waiver of his right to appeal or bring collateral challenges (Doc. 46, § III, ¶¶ 1–3, Case No. 09-CR-30016). On January 15, 2010, petitioner was sentenced to 240 months' imprisonment. Petitioner also moves to file supplemental issues (Doc. 5).

In his § 2255 motion, petitioner raises one ground for relief: ineffective assistance of counsel. Petitioner says he did not appeal because counsel told him he could get a life sentence if he did not plead guilty. He asserts that his attorney had an ethical responsibility to appeal petitioner's sentence because he knew petitioner did not cause the death involved in the case. His attorney and the Assistant United States Attorney allegedly knew that the decedent had been doing heroin before she and

petitioner did drugs together in their suicide attempt. So petitioner should not have been held responsible for her death, and his attorney should have preserved a right to appeal the sentence. Petitioner also alleges he is mentally ill, making his plea involuntary.

The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary. *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995); *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir. 1997) (1997); *see also United States v. Wenger*, 58 F.3d 280, 281 (7th Cir. 1995). Similarly, the voluntariness requirement in waivers of appeal applies "with equal force" to waivers of § 2255 relief. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Indeed, the Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement. *Id.* at 1144; *United States v. Woolley*, 123 F.3d 627, 631–32 (7th Cir. 1997) (citing *Feichtinger*, 105 F.3d at 1190).

However, a valid waiver of appeal, though binding in other respects, does not preclude judicial review of a criminal defendant's assertion that the plea agreement was itself the product of ineffective assistance of counsel. *United States v. Jemison*, 237 F.3d 911, 916, n.8 (7th Cir. 2001); *Jones*, 167 F.3d at 1145 ("Justice dictates that a claim of ineffective assistance of counsel in connection with the negotiation of a cooperation agreement cannot be barred by the agreement itself—the very product of the alleged ineffectiveness."); *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000). An enforceable waiver "bars ineffective assistance claims relating to

anything other than the plea negotiation." *Mason*, 211 F.3d at 1069–70.

In the case at bar, the plea agreement itself may have been product of ineffective assistance of counsel. Petitioner claims his plea was not voluntary due to mental illness. He also claims that his attorney should have preserved his right to appeal the sentence. On the Court's preliminary review, these facts make petitioner's waiver inapplicable in this limited scenario.

Petitioner's motion to supplement states that his attorney failed to argue petitioner's diminished mental capacity during sentencing (Doc. 5). This ineffective-assistance claim does not relate to the plea negotiation, however, and is barred.

The Court **ORDERS** the Government to file a response to petitioner's motion (Doc. 1) within **THIRTY (30) DAYS** of the date of this Order. The Government shall, as part of its response, attach all relevant portions of the record. Petitioner's motion for leave to file supplemental issues (Doc. 5) is **DENIED**.

**IT IS SO ORDERED.**

Signed this 3rd day of June, 2011.

Digitally signed by David R. Herndon
Date: 2011.06.03 13:45:55 -05'00'

**Chief Judge**
**United States District Court**